In the Matter of the Petition of LUCIAN E. SMITH for an Order Directing Arbitration.

Supreme Court, New York County, September, 1922.

Arbitration — architect's contract — provision that on failure to name arbitrator within ten days right to arbitration should lapse — such condition not illegal — Arbitration Law, § 4.

A New York building contract between an owner and an architect provided that all disputes thereunder should be submitted to arbitration at the choice of either party and that the general procedure should conform to the laws of the state in which the work was to be erected. Section 4 of the Arbitration Law provides for the selection of an arbitrator by the court in case any party shall fail to avail himself of the method provided in the contract. *Held*, that a contention that the provision of the contract governing the appointment of arbitrators including the penalty of failure to name the first arbitrator only applies " unless otherwise provided by such laws," was untenable, as failing to give effect to a condition of the contract that " should the party demanding arbitration fail to name an arbitrator within ten days of his demand, his right to arbitration shall lapse."

There was nothing illegal in such a condition, and while it was inconsistent with section 4 of the Arbitration Law, the conflict did not nullify the effect of said condition, the fulfillment of which discharged the agreement to arbitrate.

A motion by the architect for a compulsory arbitration under the statute denied upon the ground that his right thereto had lapsed as provided by the contract.

MOTION for compulsory arbitration.

*Walter H. Underwood*, for petitioner.

*Cotton & Franklin* (*Ferdinand Eberstadt*, of counsel), for George A. Lembcke, respondent.

MARSH, J. This is a motion for compulsory arbitration based on a written contract between an owner and an architect, executed upon a standard printed form issued by the American Institute of Architects. Section 14 of this contract provides in part as follows:

" 14. Arbitration —All questions in dispute under this agreement shall be submitted to arbitration at the choice of either party. No one shall be nominated or act as an arbitrator who is in any way financially interested in this contract or in the business affairs of either party. The general procedure shall conform to the laws of the state in which the work is to be erected. Unless otherwise provided by such laws, the parties may agree upon one arbitrator; otherwise there shall be three, one named in writing by each party and the third chosen by these two arbitrators, or if they fail to select a third within ten days, then he shall be chosen by the presiding officer of the Bar Association nearest to the location of the work. Should the party demanding arbitration fail to name an arbitrator within ten days of his demand, his right to arbitration shall lapse. Should the other party fail to choose an arbitrator within said ten days, then such presiding officer shall appoint such arbitrator. Should either party refuse or neglect to supply the arbitrators with any papers or information demanded in writing, the arbitrators are empowered by both parties to proceed *ex parte.*" The architect, who is the moving party, demanded arbitration in accordance with the 1st paragraph of the section quoted, either on June 22, 1922, or on July 21, 1922, or on both dates, but in each case failed to name an arbitrator within ten days and the owner now takes the position that the right to arbitration has lapsed, as expressly provided in the 3d paragraph of the section.

To this argument the architect replies that the general procedure is to conform to the laws of the state in which the work is to be erected, viz., the state of New York, and that the provisions governing the appointment of arbitrators, including the penalty for failure to name the first arbitrator, only apply " unless otherwise provided by such laws." Continuing this line of argument, the architect refers to section 4 of the Arbitration Law, which provides for the selection of an arbitrator by the court, in case any party shall fail to avail himself of the method provided in the contract. The argument is unsound, as it fails to give any effect whatever to the sentence reading " should the party demanding arbitration fail to name an arbitrator within ten days of his demand, his right to arbitration shall lapse." There is nothing illegal in this condition. While it is inconsistent with the provision in the Arbitration Law for the selection of an arbitrator by the court, the conflict does not nullify its effect. The statute provides machinery for carrying out the agreement of the parties where their own machinery has broken down, but this clause expresses the intent of the parties not to use any machinery but their own. Section 4 of the Arbitration Law is only applicable if made so by the parties or made so

Supreme Court, September, 1922.                    [Vol. 119

by its own terms. Its application through agreement of the parties is limited by the clause which has been quoted. If its application, on the other hand, is to result from the will of the legislature, there must be read into the statute a prohibition against all conditions subsequent tending to defeat the right to arbitration theretofore existing. There is no such prohibition nor is it apparent how the right of the parties to contract as they please in this respect could be constitutionally limited. The fulfillment of the condition subsequent has accordingly discharged the agreement to arbitrate and there no longer remains any contractual obligation to which section 4 and the other sections of the Arbitration Law can be applied. Motion denied, without costs.

Ordered accordingly.